UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIYO HEZEKYAH LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00572-JRO-MG |
| | ) | |
| PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Tiyo Lewis is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). He filed this civil action alleging that he is not receiving adequate care for his leg injury. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Lewis's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Lewis sues three defendants: Dr. Perez, RN Lauren, and RN Pam. He seeks monetary damages.

Prior to being housed at Putnamville, Lewis injured his leg, and it was determined from MRI imaging that he had two torn ligaments. Dkt. 14 at 2. Lewis alleges that he arrived at Putnamville on May 27, 2026, and promptly was seen by RN Lauren and RN Pam, whom he informed about his leg injury and that an MRI had been performed. *Id.* He also told them that he had not yet been, but was supposed to be, "put in" for an outside orthopedic doctor. *Id.* RN Lauren and RN Pam did not put Lewis in, and they took away his pain medicine. *Id.*

Lewis placed many healthcare requests for help with his pain, and RN Pam told him that he needed to see the provider first. *Id.* at 3. Lewis saw the provider, Dr. Perez, on June 22, 2026. *Id.* Lewis told Dr. Perez about his leg injury and the pain medicine he had been on at a previous facility. *Id.* Dr. Perez gave Lewis ibuprofen, even though Lewis said that ibuprofen does not help with the pain. *Id.* Lewis was seen by an outside orthopedic doctor on September 17, 2026, who

told Lewis that he should have had surgery once it was known that he had torn ligaments in his leg. *Id.* Lewis is waiting to have ligament-repair surgery. *Id.* Dr. Perez knows that Lewis is in pain, but Dr. Perez refuses to do anything about the pain, telling Lewis that he will have to wait until after the surgery "to get real relief for the pain." *Id.* Lewis alleges that Dr. Perez is not licensed to practice medicine and that RN Lauren and RN Pam know this. *Id.*

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Lewis has not stated a claim for deliberate indifference against RN Pam or RN Lauren. "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Lewis alleges that the nurses did not put him in for surgery and that they took away his pain medicine, but he also alleges that he was told that he needed to see the provider first. There is no indication that RN Pam or RN Lauren delayed Lewis's appointment with Dr. Perez, and there is no allegation that either nurse

was an advanced practice nurse who had authority to prescribe medications. *See* Ind. Code § 25-23-1-19.5 Additionally, even if Lewis's allegation about Dr. Perez's lack of medical license were true,[1] RN Lauren and RN Pam would not be responsible for him practicing without a license. Simply put, doctors do not answer to nurses.

Second, there is no constitutional deprivation alleged against Dr. Perez in Lewis's one-month wait to be seen by Dr. Perez or in waiting a few months to be seen by the outside orthopedic doctor. There is no allegation that Dr. Perez was in charge of his own scheduling or that he was aware that Lewis, due to his injury, needed to be seen more quickly than he was. And, as to being seen by the outside doctor, Lewis has not provided any basis on which to hold Dr. Perez responsible for Lewis's approximate four-month wait to be seen. S*ee Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954 (7th Cir. 2019) (finding that, without a medical provider being on notice that wait times of a few months to see an outside provider were likely to cause constitutional violations, there is no liability). Non-incarcerated individuals also often must wait a few months for appointments with medical specialists.

As for the allegation that Dr. Perez has no medical license, that allegation is directly contradicted by Indiana's license verification platform. *See* https://mylicense.in.gov/everification/Search.aspx (last accessed Nov. 3, 2026).

---

[1] The Court takes judicial notice that a search on Indiana's license verification platform indicates that Pablo Malabanan Perez of Putnamville Correctional Facility has an active physician's license (# 01042609B). *See* https://mylicense.in.gov/everification/Search.aspx (last accessed Nov. 3, 2026).

Regardless, there is no allegation that the purported lack of a medical license *actually caused* any constitutional injury to Lewis. Without causing an injury, there can be no Eighth Amendment violation. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023).

The only claim which shall proceed is an Eighth Amendment deliberate indifference claim against Dr. Perez for allegedly refusing to address Lewis's pain until after his surgery is performed. The Eighth Amendment requires "medical officials who know that an incarcerated patient is suffering to take 'reasonable measures' to alleviate that pain." *Arce v. Wexford Health Sources Inc.*, 75 F.4th 673, 681 (7th Cir. 2023) (citing *Arnett v. Webster*, 658 F.3d 742, 753–54 (7th Cir. 2011)). However, it does not "entitle incarcerated patients to their preferred pain medication, nor does it impose the unrealistic requirement that doctors keep patients completely pain-free." *Id.* (citing *Arnett*, 658 F.3d at 754; *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)). Whether Lewis's pain management claim will survive summary judgment is a question for another day. At this stage of the proceeding, he has alleged enough to proceed to discovery on this claim.

All other claims have been dismissed. If Lewis believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 1, 2026,** in which to file a motion to reconsider the screening order.

## IV. MOTION FOR PRELIMINARY INJUNCTION

Lewis has filed a motion requesting a preliminary injunction. Dkt. [9]. Lewis asks the Court to order that he be given the opportunity to be seen by an

orthopedic doctor and have ligament-repair surgery performed. *Id.* at 2. This motion predates the filing of the amended complaint, which indicates that Lewis has now been seen by an outside orthopedic doctor and is awaiting surgery. Accordingly, it appears that there is nothing more the Court can order the defendant, Dr. Perez, to do to get Lewis to his desired result. The Court therefore **denies as moot** the motion for preliminary injunction. Dkt. [9].

## V. CONCLUSION AND SERVICE OF PROCESS

The following claim is proceeding in this action: an Eighth Amendment deliberate indifference claim against Dr. Perez related to management of his leg pain while he awaits surgery. All other claims have been dismissed.

The **clerk is directed** to add and then terminate RN Lauren and RN Pam as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendant Dr. Perez in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on October 8, 2026, dkt. [14], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Dr. Perez, who is identified as a Centurion employee, electronically.

A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of the defendant if he does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The motion for preliminary injunction, dkt. [9], is **DENIED as moot**.

**SO ORDERED.**

Date: 11/9/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TIYO HEZEKYAH LEWIS
931903
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Centurion
Dr. Perez